# THE STATE OF NEW HAMPSHIRE

## SUPREME COURT

**In Case No. 2022-0046, <u>State of New Hampshire v. Paul Loukedes</u>, the court on October 20, 2023, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, and has determined to resolve the case by way of this order.  <u>See</u> <u>Sup. Ct. R.</u> 20(2).  Following a jury trial, the defendant, Paul Loukedes, was convicted of driving after certification as an habitual offender.  <u>See</u> RSA 262:23 (Supp. 2022).  The defendant appeals his conviction, arguing that the Superior Court (<u>Schulman</u>, J.) erred by denying his motion to suppress evidence derived from an investigatory stop of his vehicle.  Specifically, the defendant contends that the police did not have reasonable suspicion to justify the investigatory stop, and thus he argues that the trial court erred under Part I, Article 19 of the New Hampshire Constitution, and the Fourth and Fourteenth Amendments to the United States Constitution, by not suppressing the evidence obtained as a result of the stop.  We affirm.

"When reviewing a trial court's ruling on a motion to suppress, we accept the trial court's factual findings unless they lack support in the record or are clearly erroneous, and we review its legal conclusions <u>de</u> <u>novo</u>."  <u>State v. Dalton</u>, 165 N.H. 263, 264 (2013).  Whether there existed reasonable suspicion to justify an investigatory stop is a determination which we review <u>de</u> <u>novo</u>.  <u>State v. McBreairty</u>, 142 N.H. 12, 14 (1997).  We first address the defendant's arguments under the State Constitution and rely upon federal law only to aid our analysis.  <u>State v. Ball</u>, 124 N.H. 226, 231-33 (1983).

"Part I, Article 19 of the State Constitution protects citizens from unreasonable seizures."  <u>Dalton</u>, 165 N.H. at 265; N.H. CONST. pt. I, art. 19.  "A warrantless seizure is <u>per</u> <u>se</u> unreasonable unless it falls within a recognized exception to the warrant requirement."  <u>State v. Donovan</u>, 175 N.H. 356, 360 (2022) (quotation omitted).  "The State bears the burden of establishing that a seizure falls within one of these exceptions."  <u>Id</u>. (quotation omitted).  "An investigatory stop based upon reasonable suspicion is such an exception."  <u>Id</u>. (quotation omitted).  "In order for a police officer to undertake an investigatory stop, the officer must have a reasonable suspicion, based upon specific, articulable facts taken together with rational inferences from those facts, that the particular person stopped has been, is, or is about to be, engaged in criminal activity."  <u>Id</u>. (quotation omitted); <u>see also</u> <u>Terry v. Ohio</u>, 392 U.S. 1, 20-22 (1968).  "To determine the sufficiency of an officer's suspicion, we consider the articulable

facts in light of all surrounding circumstances, keeping in mind that a trained officer may make inferences and draw conclusions from conduct that may seem unremarkable to an untrained observer." State v. Perez, 173 N.H. 251, 259 (2020). "Although we recognize that experienced officers' perceptions are entitled to deference, this deference should not be blind." Id. "A reasonable suspicion must be more than a hunch," and "[t]he officer's suspicion must have a particularized and objective basis." Id. "The articulable facts must lead to something specific and not simply a general sense that this is probably a bad person who may have committed some kind of crime." Id. However, reasonable suspicion is a less demanding standard than probable cause, and may be established with information that is less reliable, and different in quantity or content, than that required to show probable cause. Id. at 260.

Here, the trial court found that "[t]here was abundant reasonable suspicion for the stop," which was based on a tip from an informant who reported that the defendant, whom the informant identified by name, was intoxicated, that his driver's license was suspended, and that he was driving a white Ford Econoline van from Tilton to the liquor store in Franklin. The informant identified himself to police, and also provided the license plate number for the van. While officers responded, the police dispatcher confirmed that the defendant's driver's license was suspended as a result of being an habitual offender with multiple prior DWI convictions, and also confirmed that the license plate number provided by the informant was indeed registered to a white Ford Econoline van. This information was relayed to the responding officers, who, having arrived in the area of the liquor store in Franklin, observed a van matching the description drive across the parking lot and pull into a parking spot near the liquor store. One of the officers observed that the van was being operated by a male driver. After confirming with the dispatcher that the license plate of the van matched that which was reported by the informant, at least one of the officers activated their emergency lights and they effectuated the investigatory stop.

On appeal, the defendant argues that the police lacked reasonable suspicion to justify the stop because the informant's tip "lacked veracity and provided no basis of knowledge." He contends that "[t]he police corroborated only mundane, innocent, and widely available facts," and failed to corroborate the informant's claims "that the driver was Loukedes or that the driver was intoxicated." We disagree.

"When the facts upon which the officer relies to make the stop do not stem from personal observation, but instead come from an informant, we must examine the reliability and credibility of the informant, and his or her basis of knowledge, and then make a final judgment according to the totality of the circumstances." State v. Gowen, 150 N.H. 286, 287-88 (2003) (quotation and brackets omitted). However, unlike tips from anonymous informants, a tip from

2

a known informant is subject to less scrutiny as their "reputation can be assessed[,] and [they] can be held responsible if [their] allegations turn out to be fabricated." Id. at 288 (quotation and brackets omitted). Nonetheless, a tip from a known informant must still "contain sufficient indicia of reliability to justify the stop." Id. at 289 (quotation and brackets omitted).

In this case, the informant, who identified himself to police, was not an anonymous informant. See id. at 288 (holding that informant was an identifiable witness, not an anonymous informant, when, even though she did not give her name to police, her identity was ascertainable because she interacted with police in person and they could easily have noted her license plate number or the name of the company displayed on her vehicle). Thus, although the defendant relies heavily upon cases involving anonymous informants, here, the informant's tip is not subject to that higher level of scrutiny.

Based upon our review of the totality of the circumstances established by the evidence in the record, we conclude that the informant's tip contained sufficient indicia of reliability to justify the investigatory stop. Here, the informant accurately reported the color, make, model, exact license plate number, and specific destination of the van — all of which were corroborated by police prior to initiating the stop. Further, the informant accurately reported that the defendant's license was suspended, a detail which is neither mundane, innocent, nor widely available, and which was also corroborated by police prior to initiating the stop. Although the defendant is correct that the police were unable to corroborate the informant's claim that the defendant was, in fact, the person driving the van, the police did observe that the van was being operated by a male driver. Given their observations, and the demonstrated accuracy of the informant's tip at that point, the officers had "a particularized and objective basis," which was "more than a hunch," Perez, 173 N.H. at 259, to suspect that the person driving the van was indeed the defendant, and that he was engaged in criminal activity by operating a motor vehicle without a valid license.[1]

Accordingly, because the investigatory stop was justified by reasonable suspicion based upon specific, articulable facts taken together with the rational inferences therefrom, we conclude that the trial court did no err by denying the defendant's motion to suppress. See Dalton, 165 N.H. at 264-65; Donovan, 175 N.H. at 360; Gowen, 150 N.H. at 287-89. The Federal Constitution offers the defendant no greater protection than that provided by the State Constitution

---

[1] It is of no moment that, prior to initiating the investigatory stop, the police were unable to corroborate the informant's additional claim that the defendant was intoxicated. It was sufficient to justify the stop that the police reasonably suspected the defendant of operating the van without a valid license.

3

under these circumstances.  See Florida v. J.L., 529 U.S. 266 (2000); Alabama v. White, 496 U.S. 325 (1990); Adams v. Williams, 407 U.S. 143 (1972). Accordingly, we reach the same result under the Federal Constitution as we do under the State Constitution.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

4